UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY FOX, et al.,

        Plaintiffs,

  v.                                                                       Case Number: 93-74615
                                                                         Honorable Julian Abele Cook, Jr.
                                                                         Magistrate Judge Paul J. Komives

MASSEY-FERGUSON INC., a division
of VARITY CORPORATION, a Delaware
corporation,

        Defendant.

_____

JOSEPH GOLDEN, et al.,

        Plaintiffs,

                                                                             Case Number: 93-40530
  v.                                                                    Honorable Julian Abele Cook, Jr..
                                                                         Magistrate Judge Paul J. Komives

LUCAS VARITY KELSEY HAYES,
a Delaware corporation and HAYES LEMMERZ
INTERNATIONAL, INC., a Delaware corporation,

        Defendants.

_____

ROBERT J. COLBY, et al.,

        Plaintiffs,

                                                                            Case Number: 94-7169
  v.                                                                    Honorable Julian Abele Cook, Jr.
                                                                         Magistrate Judge Paul J. Komives

MASSEY-FERGUSON, INC.., a division of
VARITY CORPORATION, a Delaware corporation,

        Defendant.

_____

ORDER

1

In this collection of class action lawsuits, there are several pending "housekeeping" motions, all of which are now ready for summary decisions by the Court.

In *Fox,* Case No. 93-74615,

(1) the Plaintiffs' ex parte motion for leave to file excess pages (filed on June 11, 2009 as docket entry #338) is granted;

(2) the Defendant's motion to strike (filed on June 16, 2009 as docket entry #340) is denied. However, the Defendant's alternative motion (i.e., for leave to file a sur-reply) which was filed on the same date and under the same docket entry is granted, and the proposed sur-reply (filed on June 16, 2009 as docket entry #341) is accepted for filing; and

(3) the Defendant's subsequent motion for leave to file a sur-reply (filed on June 23, 2009 as docket entry #342), is granted, and the proposed sur-reply (filed on June 23, 2009 as docket entry #343) is accepted for filing.

In *Golden,* Case No. 93-40530,

(1) the Plaintiffs' ex parte motion for leave to file excess pages (filed on July 3, 2009 as docket entry #450) is granted; and

(2) the Defendant's motion to strike (filed on July 17, 2009 as docket entry #452) is denied. However, the Defendant's alternative motion (i.e., for leave to file a sur-reply) which was filed on the same date and under the same docket entry is granted, and the proposed sur-reply (filed on July 17, 2009 as docket entry #453) is accepted for filing.

In *Colby,* Case No. 94-71698,

(1) the Plaintiffs' unopposed, unsealed ex parte motion (filed on June 4, 2009 as docket entry #251) which seeks to strike Exhibit 2 (e.g., the Settlement Agreement currently attached to

2

its Motion for Injunction Requiring Restoration of the Settlement Plans) from the public record is granted. As such, the Clerk of the Court is directed to remove the unsealed copy of the Plaintiffs' Motion for Injunction Requiring Restoration of the Settlement Plans from the ECF system.  The Plaintiffs are hereby directed to file a sealed or redacted version of the entire Motion (along with its accompanying exhibits) with the Court for filing within ten (10) days of the entry of this Order; and

(2) the Defendant's dual motions to strike (filed on July 2, 2009 and July 9, 2009 as docket entries #256 and #258, respectively) are denied.  However, the Defendant's alternative motions (i.e., for leave to file a sur-reply) both of which were filed on the same dates and under the same docket entries as noted above, are granted and the proposed sur-replies (filed on July 2, 2009 and July 9, 2009 as docket entries #257 and #259, respectively) are accepted for filing.

Finally, there are two nearly identically worded motions on the official dockets in the three cases that must now be examined and rejected for mootness in view of an earlier decision by the Court to grant the Plaintiffs' motion to vacate the magistrate's decision of December 30, 2008. These motions include (1) the Plaintiffs' motion for an injunction which, if granted, would have prevented TRW from implementing the Humana Medicare Advantage Private Fee for Service Plan (*See Fox* (filed on April 29, 2009 as docket entry #333); *Golden* (filed on May 29, 2009 as docket entry #446); and *Colby* (filed on May 21, 2009 as docket entry #249); and (2) the Plaintiffs' motion for an expedited consideration of their injunctive request for relief (*See Fox* (filed on May 14, 2009 as docket entry #334); and *Colby* (filed on May 21, 2009 as docket entry #250)).  For these reasons, the motions by the Plaintiffs, as described in this paragraph, must be denied for mootness.

IT IS SO ORDERED.

Dated: <u>December 29, 2009</u>   <u>S/Julian Abele Cook, Jr.</u>
      Detroit, Michigan   JULIAN ABELE COOK, JR.
                                                          United States District Court Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on December 29, 2009.

                                                               <u>s/ Kay Doaks</u>
                                                               Case Manager