UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH GOLDEN, ET AL., | |
| Plaintiffs, | Case No. 93-cv-40530 |
| v. | SENIOR U.S. DISTRICT JUDGE ARTHUR J. TARNOW |
| KELSEY HAYES CO, ET AL., | U.S. MAGISTRATE JUDGE ANTHONY J. PATTI |
| Defendants. | |

**ORDER ADOPTING REPORT AND RECOMMENDATION [599]; OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION [601]; GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REINSTATE ITS MOTION TO ENFORCE THE *GOLDEN* SETTLEMENT AGREEMENT [587]**

The cases at issue arose from three separate class actions between Defendant and some of its retirees, former employees and/or their surviving spouses. Ultimately, settlement agreements were reached which guaranteed, *inter alia*, that health care benefits would be fully paid by Defendant, and provided to Plaintiffs for life.

Before the Court is Plaintiffs' Motion to Reinstate Motion to Enforce Settlement Agreement [587] filed on August 29, 2019. Defendant TRW filed a Response [588] on September 12, 2019. Plaintiffs filed a Supplemental Brief [594] on February 3, 2020. The Magistrate Judge held a hearing on the Motion [587] on April 22, 2020. Both parties filed a joint Supplemental Brief [598] filed on April 29,

2020. On May 15, 2020, the Magistrate Judge issued a Report and Recommendation ("R&R") [599] granting Plaintiffs' request for discovery and recommending that the Court grant in part and deny in part Plaintiffs' Motion [587]. Plaintiffs filed Objections [601] to the R&R on May 29, 2020. TRW filed a Response [603] to Plaintiffs' Objections [601] on June 12, 2020.

For the reasons stated below, the R&R [590] is **ADOPTED**; Plaintiffs' Objections [601] are **OVERRULED**; and Plaintiffs' Motion to Reinstate Motion to Enforce Settlement Agreement [587] is **GRANTED in part and DENIED in part**.

## FACTUAL AND PROCEDURAL BACKGROUND

The Court adopts the facts of this case as set forth in the R&R:

### A. Factual and Procedural Background

"As explained in the Court's November 8, 2016 order granting Plaintiff's motion to enforce settlement and denying their motion for contempt: 'The cases at issue arose from three separate class actions between [TRW] and some of its retirees, former employees and/or their surviving spouses. Ultimately, settlement agreements were reached which guaranteed, *inter alia*, that health care benefits would be fully paid by [TRW], and provided to Plaintiffs for life.'" (ECF No. 590, PageID.6324-6325) (quoting ECF No. 531, PageID.4377).) In its Final Judgment, the Court ordered TRW to "comply with the terms of the Settlement Agreement," and retained "continuing jurisdiction over all parties hereto for the purposes of enforcing and administering the Settlement Agreement." (ECF No. 414, PageID.14, 16.) The instant motion is brought solely by the *Golden* Retiree Committee (*Golden*) on behalf of the Gunite Class Members.

**1. Motion to Enforce**

On November 17, 2017, *Golden* filed a motion to enforce the Golden Settlement Agreement, which requires TRW's compliance with the Gunite Health Care Benefit Plan. (ECF No. 535, PageID.4422.) In so doing, it alleged that the Gunite Plan contains a Basic Hospital Medical Surgical Plan with no lifetime maximum limit on expenses for services rendered, as well as a supplemental Major Medical Plan with a $50,000 lifetime maximum limit on expenditures. According to these plaintiffs, TRW breached the Gunite Plan and, thus, the *Golden* Settlement Agreement, by applying the Major Medical lifetime maximum to expenses for services rendered to Mr. S, a *Golden* Class Member, that should have been covered under the Basic HMS Plan. (ECF No. 535, PageID.4423, 4442.) To remedy the alleged breach, *Golden* requested that the Court enter an injunction requiring TRW to: (1) comply with the *Golden* Settlement Agreement; (2) respond to discovery requests seeking information regarding the extent of the violation; and (3) pay attorney fees and costs. (ECF No. 535, PageID.4424-4425.)

On January 11, 2018, following a telephonic status conference the day before, during which TRW acquiesced to *Golden's* interpretation of the Gunite Plan—that the lifetime maximum limitation does not apply to services covered by the Basic HMS Plan (ECF No. 554-2, PageID.5698-5700)—the Court entered an order holding the motion to enforce the settlement agreement (ECF No. 535) in abeyance pending TRW's resolution of the issues raised within 60 days (ECF No. 543; ECF No. 554-2, PageID.5706). At the telephonic status conference, TRW's counsel informed the Court that TRW had directed Meritain, its benefits administrator, to correct the claims Mr. S had submitted after December 2017 that should not have been subject to the lifetime maximum, and to "go back through all of the other members of the class and recalculate those claims if there were any that were denied because of this lifetime maximum benefit." (ECF No. 554-2, PageID.5699-5700.) In response, *Golden's* counsel clarified that six or seven Gunite Class Members beyond Mr. S had claims for services denied due to the "application of

this lifetime maximum from major medical to basic medical." (ECF No. 554-2, PageID.5700-5701.)

Nearly five months later, on June 8, 2018, TRW's counsel wrote to the Court to report its progress on addressing the issues raised in *Golden's* motion to enforce the settlement agreement and discussed in the Court's January 11, 2018 order. (*See* ECF No. 549.) She indicated in the letter that Meritain had undertaken a review to ensure that no claims for services rendered under the Basic HMS Plan would be denied under, or subject to, the lifetime maximum benefit limitation, and stated:

> In order to adjust properly any claims that are affected by TRW's decision not to interpret the Basic Plan as requiring a Lifetime Maximum Benefit Limit, Meritain also has to determine whether any claims should be transferred from the Major Medical Plan to the Basic Plan. To do that, Meritain must review each claim, and each total in the two Plans for each of the seven Retirees who "bumped up" against the maximum as previously interpreted to apply to the Basic Plan. If such a claim in fact should be covered under the Basic Plan and not the Major Medical Plan, that claim has to be transferred and applied to the unlimited Basic Plan. If that transfer then means that the retiree no longer has exceeded the maximum limit under the Major Medical plan, previous claims must be adjusted and, if appropriate, covered when, in the past, they exceeded the Major Medical limit.

(ECF No. 549, PageID.5551-5552.)

### 2. The 2018 motion to vacate

Apparently unsatisfied with TRW's progress, on July 6, 2018, *Golden* filed a motion to vacate the Court's January 11, 2018 order holding the original motion to enforce the settlement

agreement (ECF No. 535) in abeyance, requesting that the Court enter an order:

> (1) compelling TRW to immediately process all claims improperly processed under the Major Medical Plan and therefore wrongly applied to the lifetime maximum; (2) enjoining TRW from doing so in the future; (3) compelling TRW to recalculate the lifetime maximum for each Class Member; (4) compelling TRW to provide documentation verifying compliance with the Gunite Plan Settlement Agreement, and above orders; (5) compelling TRW and Meritain to produce documents in response to the attached subpoena[1]; and (6) awarding reasonable attorney fees and costs. (ECF No. 554, PageID.5668.)

However, following another status conference, the Court entered an order on September 19, 2018, noting that *Golden* had agreed to withdraw, without prejudice, its original motion to enforce the settlement agreement (ECF No. 535) and, accordingly, denying as moot *Golden's* motion to vacate the order holding that original motion in abeyance. (ECF No. 571, PageID.5926.) These actions were taken based on TRW's assurance that it would "provide Plaintiffs with the Protected Health Information ('PHI') related to their lifetime maximum benefits' claims within **40 days** of the entry" of the Court's order. (ECF No. 571, PageID.5925-5926) (emphasis in original). Both parties agree that TRW provided some responsive documents on November 2, 2018. (See ECF No. 587, PageID.6161; ECF No. 588, PageID.6287.)

### 3. Alleged deficiencies and non-compliance

On January 18, 2019, counsel for *Golden* wrote to TRW's counsel, outlining what *Golden* believed to be deficiencies with TRW's document production and, thus, proof of non-compliance

---

[1] The subpoena referenced is attached as Exhibit 4 to the motion. (ECF No. 554-5.)

with the Gunite Plan and *Golden* Settlement Agreement, and with reimbursement of Mr. S's claims that TRW had incorrectly processed. (ECF No. 587-2, PageID.6185-6196.) Specifically, *Golden's* counsel stated, "Unfortunately, we have had to expend a great amount of time reviewing and interpreting the Meritain website as to Mr. [S], and comparing the information there with the Medicare EOBs we sent to you in May 2018, to determine what is still owed and where there are questions[,]" and "TRW's production of documents showing *balances owing* for three of the four Gunite Class Members identified as hitting the Major Medical 'lifetime maximum' demonstrates that TRW is not serious about rectifying its mistakes[.]" (ECF No. 587-2, PageID.6168, 6195.)

Counsel for TRW responded on February 2, 2019, that it would review with Meritain the issues raised, and the attorneys for the parties continued to communicate in this vein for the next several months. On April 12, 2019, *Golden's* counsel sent correspondence identifying what *Golden* asserted to be improperly processed claims for two deceased Class Members, Mrs. R. and Mrs. N, to which TRW's counsel responded that Meritain had found, adjusted, and paid additional amounts to providers for some of the services identified, but was still working through others. (ECF No. 587-4, PageID.6202.) Further, she identified what TRW perceived to be an issue wholly unrelated to the lifetime maximum, stating:

> [Y]our letter provided information about bills from doctors and providers from which Meritain has not received claims; your letter is the first time that certain services have been brought to the attention of Meritain. Typically, without a claim (in the form of an invoice from the provider), Meritain does not know of the claim and cannot make a payment to the provider.

(ECF No. 587-4, PageID.6202.)

Then on June 13, 2019, in another letter to *Golden's* counsel, counsel for TRW explained that TRW had directed Meritain to

undertake exceptional measures to process claims from Mr. S for which Meritain had *never received* bills from the service providers. (ECF No. 587-6, PageID.6210-6212.) Further, with regard to Mrs. C, Mrs. R, and Mrs. N, counsel stated, "The claims of these three retirees were researched and patient responsibility has been reduced to zero, either by confirming that was the case or by adjusting and making an additional payment to a provider." (ECF No. 587-6, PageID.6212.) Following a response in late June in which *Golden's* counsel expressed dissatisfaction with TRW's document production and processing of claims (ECF No. 587-7, PageID.6215-6220), *Golden's* counsel indicated in a July 8, 2019 letter, that she planned to move again 8 to reinstate *Golden's* original motion to enforce the Settlement Agreement (ECF No. 587-7, PageID.6226).

### B. Instant Motion

On August 29, 2019, *Golden* followed through and filed the instant motion on behalf of the Gunite Class Members to reinstate its original motion (ECF No. 535) to enforce the *Golden* Settlement Agreement. (ECF No. 587.) In the attached brief, Golden summarizes its arguments as follows:

> Despite repeated demands by the Retiree Committee, and repeated intervention by this Court, TRW still refuses to identify, reprocess and pay all of [the] claims of Gunite Class Members that were wrongly denied based on the wrongful application of the Major Medical Plan "lifetime maximum" to Basic Medical Plan benefits. TRW has continually refused to provide the Retiree Committee with the documents and other information it needs to determine the extent of TRW's remaining violations of the Settlement Agreement. Without an Order enforceable by contempt, TRW will simply continue to respond piecemeal to the Retiree Committee's demands, ensuring that this matter is never finally resolved.

(ECF No. 587, PageID.6167.) Further, it asserts that TRW's compliance with the Settlement Agreement requires TRW's production of documents showing all claims of Gunite Class Members that Meritain improperly denied and claims Meritain reprocessed and paid. (ECF No. 587, PageID.6177.)

TRW responded on September 12, 2019, arguing that *Golden's* motion is based not on Meritain's failure to reprocess claim related to the lifetime maximum, as "TRW voluntarily resolved the 'lifetime maximum' issue in Plaintiffs' favor, and reprocessed all affected claims in 2018," but rather on arguments first raised in 2019 regarding claims for services performed during 2016 and 2017 that, upon investigation, "were deficient in one of two ways: (1) either the provider (a doctor, for example) had never sent a bill to Meritain, or (2) the provider had never given Meritain any information regarding Medicare's payment as primary payer." (ECF No. 588, PageID.6280.)[2] In so doing, it cites the 2019 correspondence between the parties' attorneys, outlined in detail above. (ECF No. 588, PageID.6287-6292.) Thus, TRW asserts, *Golden's* motion to reinstate its motion to enforce the Golden Settlement Agreement should be denied because: (1) "TRW is not imposing a lifetime maximum on Basic Medical Plan benefits," and the "concerns raised by [*Golden's*] counsel have no relation to the lifetime maximum issue"; and (2) Golden has made no showing that injunctive relief is necessary to prevent irreparable harm, and would be inappropriate because any harm would be compensable with an award of money damages. (ECF No. 588, PageID.6292-6294.)

---

[2] Further, TRW states:
> In an extraordinary effort to resolve this matter, TRW asked Meritain to make an exception to the industry standard claims process that requires providers to submit bills to the insurer in order for the insurer to process [sic] payment.
> * * *
> Nothing in the Plans or in the parties' settlement agreement required TRW to take these actions. Ignoring TRW's extraordinary efforts, Plaintiffs have brought a motion asking the Court to find that TRW violated the parties' settlement agreement. No such violation exists, and Plaintiffs' motion should be denied.

(ECF No. 588, PageID.6281.)

On April 22, 2020, the Court struck *Golden's* reply brief (ECF No. 589) by text-only order for exceeding the Court's page limitations, but accepted and has closely considered *Golden's* February 3, 2020 supplemental brief in support of the motion to reinstate (ECF No. 594). In it, *Golden* adds factual assertions related to TRW's actions and correspondence between the parties after the filing of the instant motion. Further, it states that although TRW produced, on October 9, 2019, 143 Explanation of Benefits (EOB) forms showing payments made to three previously unidentified Gunite Class Members as well as 103 EOBs showing additional claim payments to Mrs. N., Mrs. R., and Mrs. C, *Golden* had been requesting such information since December 2017. (ECF No. 594, PageID.6379-6380.) Accordingly, *Golden* asserts, the Court should:

> [E]nter a precise Order requiring TRW to comply with the terms of the Gunite Health Care Plan, one that enjoins TRW from applying the limitations of the Major Medical Plan – the annual deductible and co-payment and the $50,000 lifetime maximum – to the Basic Hospital, Medical and Surgical Plan; that requires TRW to calculate the "lifetime maximum" based only on Major Medical Plan claim payments; that requires TRW to process outpatient surgery and related procedures covered by the Basic HMS Plan as benefits under the Basic HMS Plan; and that requires that, in the future, TRW fully comply with any reasonable information and documents [sic] requests 11 from the Retiree Committee relating to the administration of the Gunite Health Care Plan.

(ECF No. 594, PageID.6384.) *Golden* also requests attorney fees, asserting that TRW's alleged history of non-compliance forced it to file the instant motion to obtain TRW's compliance with the Settlement Agreement. (ECF No. 594, PageID.6385.)

At a hearing on April 22, 2020, *Golden's* counsel indicated that the Court should consider the above-quoted portion of the supplemental brief, plus attorney fees, as the entirety of *Golden's* requests for relief regarding the instant motion, and that *Golden*

wants a precise order in place so that if TRW violates the *Golden* Settlement Agreement, the Court may hold TRW in contempt. Counsel further argued that to determine the full extent of TRW's non-compliance, *Golden* needs documents responsive to the November 15, 2017 subpoena issued to Meritain, which was attached to its July 6, 2018 motion to vacate the order holding *Golden's* motion to enforce the settlement agreement in abeyance (ECF No. 554-5).

Counsel for TRW made arguments consistent with those made in TRW's response brief (ECF No. 588) – that the lifetime maximum issue has been resolved, and that the complaints of the instant motion instead relate to services for which TRW never received claims. Further, she objected to *Golden's* discovery requests as overbroad and onerous.

In response to the Court's request at the hearing that the parties provide additional correspondence since the filing of the last pleading in February, and a stipulation as to the ten Class Members considered the highest "Lifetime Maximum Accumulators" to assist in narrowing the scope of the discovery requests, the parties jointly filed a supplement containing the information requested on April 29, 2020. (ECF No. 598.) This additional correspondence relates in large part to reimbursement for wound debridement services performed on Mr. S, for which TRW's counsel provided an explanation of error and stated, "[G]oing forward Mr. [S's] claims for outpatient wound debridement services will be processed under the Basic Plan, and will not be applied toward the Major Medical Plan lifetime maximum figure." (ECF No. 598-2, PageID.6446; see, generally, ECF Nos. 598-2, 598-3, 598-4, 598-5.)

## STANDARD OF REVIEW

The Court's review of objections to a Magistrate Judge's R&R on a dispositive motion is de novo. 28 U.S.C. § 636(b)(1)(c). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the

findings . . . believed in error' are too general." *Novak v. Prison Health Services, Inc.*, No. 13-11065, 2014 WL 988942, at *3 (E.D. Mich. Mar. 13, 2014) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Ordinarily, objections that lack specificity do not receive de novo review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). In addition, the Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. FED. R. CIV. P. 72(b)(3).

"A plaintiff who seeks a permanent injunction must demonstrate: (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) that considering the hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that it is in the public's interest to issue such an injunction." American Auto Ass'n v. Dickerson, 995 F.Supp.2d 753, 757 (E.D. Mich. 2014).

## ANALYSIS

**Objection 1:** "Scope of the Injunction – Outpatient Surgery and Skilled Nursing Facility Benefits." (ECF No. 601, PageID.6519).

**Objection 2:** "Scope of the Injunction – The Major Medical Plan Deductible and Co-Insurance Payment Limitations Do Not Apply to Basic HMS Plan Benefits." (ECF No. 601, PageID.6522).

Because Objections 1 and 2 pertain to the R&R's conclusion as to the scope of the injunction, the Court analyzes them together. The Magistrate Judge recommends that the Court enjoin TRW from applying the lifetime maximum in the

Major Medical Plan to claims under the Basic HMS Plan, which does not impose a lifetime maximum for services. The Magistrate Judge, however, does not recommend imposing an injunction requiring TRW to process outpatient surgery and related services as benefits under the Basic HMS Plan, because Golden has neither proven that these services are covered by the Basic HMS Plan nor shown that TRW breached the Settlement Agreement in regard to these services.

Plaintiff objects and argues that (1) TRW should be required to designate outpatient surgery and skilled nursing as benefits under the Basic HMS Plan, and (2) TRW should be enjoined from applying the Major Medical Plan deductible and co-insurance payment limitations to the Basic HMS Plan. While the Court agrees with Golden's assessment of the contents on the Basic HMS Plan (i.e. outpatient surgery and skilled nursing services are covered by the Basic HMS Plan, while the Major Medical Plan deductible and co-insurance payment limitations are not, *see* ECF No. 536, PageID.4662-74), the Court concludes that the record does not support a finding that TRW has violated the Settlement Agreement such that an injunction regarding these benefits must be imposed. The Court finds that the issues that retirees and their spouses have experienced have stemmed from one of two problems: misapplying the lifetime maximum and claim processing issues.

First, Golden has established that TRW's imposition of the lifetime maximum onto services covered by the Basic HMS Plan was the impetus for most of the errors

complained of, including the failure to cover skilled nursing services. For example, TRW denied payment of Mr. S's skilled nursing services, erroneously claiming that Mr. S had met his lifetime maximum benefit. Enjoining TRW from misapplying the lifetime benefit resolves the bulk of the complained of issues.

Second, TRW has established that Class Member issues that were not due to the misapplication of the lifetime maximum were due to billing errors by Meritain. For example, TRW notes that Mr. S's outpatient surgery was erroneously billed as non-surgical outpatient care due to how his providers billed for services. (ECF No. 594-13, PageID.6425, 6430). After discovering the error TRW reprocessed these claims to be correctly covered the Basic HMS Plan. As it stands, these third-party errors cannot be attributed to TRW as willful violations of the Settlement Agreement which warrant an injunction. However, if and when Golden discovers claim errors that can be attributed to TRW's violations of Settlement Agreement, it is welcome to seek injunctive relief from this Court. Objections one and two are overruled.

**Objection 3:** "TRW Must Be Required to Pay Attorney Fees." (ECF No. 601, PageID.6523).

The Magistrate Judge recommends that this Court deny without prejudice Golden's request for attorney fees, because without the benefit of the discovery just ordered, "the Court is unconvinced that TRW has continually failed to comply with

the Settlement Agreement by misapplying the lifetime maximum." (ECF No. 599, PageID.6501). The Court agrees with this assessment. Without clear evidence of continual violations by TRW that are also not merely attributable to third party providers, ordering payment of attorney fees at this stage is premature.

The last sentence of Golden's objection says it best: "When this dispute is finally resolved, when all of the wrongly denied claims are finally reprocessed and paid, when all of the "lifetime maximum" amounts are correctly adjusted, and when it can be said that TRW and Meritain are correctly administering both the Basic HMS Plan and the Major Medical Plan, the Retiree Committee will seek the full amount of attorney fees reasonably expended to enforce the Settlement Agreement and vindicate this Court's Final Judgment." (ECF No. 601, PageID.6535). The Court welcomes Golden to do so when the discovery has substantiated its allegations of continual noncompliance on behalf of TRW. Until then, objection 3 is overruled.

## CONCLUSION

For the reasons stated above, the R&R [599] is **ADOPTED**; Plaintiff's Objections [601] are **OVERRULED**; and Plaintiff's Motion to Reinstate its Motion to Enforce the *Golden* Settlement Agreement [587] is **GRANTED IN PART AND DENIED IN PART.**

Accordingly,

**IT IS ORDERED** that the R&R [599] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections [601] are **OVERRULED**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reinstate its Motion to Enforce the *Golden* Settlement Agreement [587] is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that TRW is **REQUIRED** to comply with the terms of the Gunite Health Care Plan, **ENJOINED** from applying the $50,000 lifetime maximum to the Basic Hospital, Medical and Surgical Plan, **REQUIRED** to calculate the "lifetime maximum" based only on Major Medical Plan claim payments, and **ORDERED** to fully comply with any reasonable information and document requests from the Retiree Committee relating to the administration of the Gunite Health Care Plan.

**SO ORDERED**.

Dated: March 31, 2021

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge